UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ERIC GILMORE, # 227501, and | ) | |
| ROBERT J. MOORE, #333783 | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-393 |
| | ) | |
| NORTHEAST CORRECTIONAL | ) | |
| COMPLEX, HOWARD CARLTON, | ) | |
| HAROLD ANGEL, CHAD P. SALYER, | ) | |
| LINDA SWIFT, C/O ALDEMAN, | ) | |
| MICHAEL BENNETT, MEDICAL | ) | |
| DEPARTMENT, JERRY HAYES, | ) | |
| NURSE CAMPBELL, SGT. STANLEY, | ) | |
| and KRISTIAN L. SPANN | ) | |

**MEMORANDUM and ORDER**

This *pro se* civil rights action for damages has been brought under 42 U.S.C. § 1983 by two prisoners who, at the time this suit was filed, were cell mates in the Northeast Correctional Complex in Mountain City, Tennessee.[1] Each plaintiff has submitted an application to proceed *in forma pauperis*, which is **GRANTED**. [Docs. 1 and 2]. The plaintiffs, however, are not relieved of their obligation to pay the filing fee and, therefore, each is **ASSESSED** one-half of the full filing fee of

---

[1] Plaintiff Moore is now housed in a West Tennessee prison. [Doc. 5, Notice of Address Change].

one hundred, fifty dollars ($150.00).[2]  Accordingly, the custodian of each plaintiff's inmate trust account at the facility wherein he resides is required to submit to the Clerk of Court, as an initial partial filing fee, twenty percent (20%) of the greater of:

(1) the average monthly deposits to that plaintiff's account or

(2) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of that plaintiff's preceding month's income (or income credited to his account for the preceding month) to the Clerk, but only when the monthly income exceeds ten dollars ($10.00), until each has paid his full $75.00 share of the $150.00 filing fee. [3] 28 U.S.C. § 1915(a) and (b)(1) and (b)(2).

The Clerk is **DIRECTED** to send copies of this order to the custodian of inmate trust accounts at the facility wherein each plaintiff is housed and to George

---

[2] The filing fee was increased to $250 for cases filed on or after February 7, 2005. However, since the plaintiffs filed their case prior to the increase, the old fee applies.

[3] Send the payments to:
   Clerk, USDC
   220 West Depot Street, Suite 220
   Greeneville, TN 37743

2

Case 2:04-cv-00393   Document 8   Filed 03/08/06   Page 2 of 6   PageID #: 144

Little, Commissioner of the Tennessee Department of Correction, to ensure compliance with the fee-assessment procedures outlined above.

The complaint contains a melange of claims—some involving only plaintiff Gilmore, others involving only plaintiff Moore, and a few involving both plaintiffs. Plaintiff Gilmore has alleged:

1) that he was denied the full quantity of suppositories and Metamucil prescribed for him as a hemorrhoid treatment;

2) that he was placed on a top floor and assigned a top bunk at the prison. Thus, the medical slip he was issued, directing that he not be placed on a top floor or in a top bunk, was ignored by defendants Harold Angel and Jerry Hayes;

3) that defendant Chad Salyer entered the plaintiff's cell, tossed his family photographs on the floor, handcuffed him, jammed a pen up his rump, and left him in restraints for an hour, causing him to sustain a fractured and swollen hand;

4) that defendant Warden Howard Carlton failed to stop the prison staff from abusing the plaintiff, failed to act after someone broke into the plaintiff's cell, failed to act after the plaintiff was threatened by prison gang members, failed to act after gang members urinated in his food tray, and failed to respond to his transfer request; and

5) that defendant Angel refused to investigate the plaintiff's allegations

3

against defendant Salyer concerning the assault; the allegations involving the contamination of his food by gang members; or the allegations concerning acts of intimidation by defendant Kristain Spann, a fellow inmate;

Plaintiff Moore has alleged:

6) that, on April 24, 2004, defendant Salyer denied him sheets and blankets, threw a cup of warm water in his face, then dared the plaintiff to swing at him, and, later, when plaintiff Moore was asleep, threw an apple at him through a slot in the cell door, striking him in the eye with the apple. His eye swelled shut and, eventually, he was taken to the medical clinic, where the injury was documented. The next day, defendant Salyer threatened to have the plaintiff physically harmed if the plaintiff did not say what the defendant wanted him to say about the incident involving the apple;

7) that defendant Swift took no action to prevent defendant Aldeman and another officer from delivering sexually-explicit letters written by Spann to plaintiff Moore (his cell mate); and

8) that defendant Sgt. Stanley, by failing to handle grievances properly, permitted plaintiff Moore to be sexually assaulted by inmates.

Both plaintiffs have alleged:

9) that defendants Aldeman and Michael Bennett, who are the "focal point"

4

of this case, failed to notify their supervisors that Spann was writing improper letters, but instead, sent those letters to the plaintiffs; paid some inmates to jump on the plaintiffs; allowed Spann to be "out of place;" and enjoyed watching Spann inflict mental torture on them; and

10) that, defendant Stanley mishandled their grievances, thereby, allowing both plaintiffs to be physically assaulted by members of the staff.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *See Brown v. Toombs*, 139 F.3d.1102, 1103-04 (6th Cir. 1998). It is the prisoner's burden to demonstrate that he has exhausted those remedies, and in fulfilment of his burden, he should attach to his complaint a copy of the administrative decision showing the administrative disposition of his complaint. *See id.* at 1104. Even where money damages are unavailable through the prison grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). A district court must enforce the exhaustion requirement *sua sponte*. *Toombs, supra,* 139 F.3d at 1104.

Though the plaintiffs have submitted copies of grievances to show that some of their claims have been exhausted, there is nothing to indicate that they have presented their allegations involving defendants Aldeman and Bennett (Claim 9) to

5

the prison authorities through the institutional grievance system. This is important because the Sixth Circuit has held that every single claim must be exhausted through the grievance system and that the Prison Litigation Reform Act requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

Accordingly, because the plaintiffs have the burden of showing they have exhausted their administrative remedies with respect to claims raised in their § 1983 complaint and because they have failed to carry their burden, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**ENTER:**

/s/ Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE